IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                   :
     v.                         : No. 50 C.D. 2019
                                   : ARGUED: November 12, 2019

Philly Acquisitions, LLC,     :
                Appellant    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: December 12, 2019

Philly Acquisitions, LLC (Landowner) appeals from the December 4, 2018 order of the Court of Common Pleas of Philadelphia County (Trial Court) imposing a $15,000 fine for violations related to property declared imminently dangerous under Section PM-110.1 of The Philadelphia Code (Code).[1] Landowner argues on

---

[1] Section PM-110.1 of the Code provides as follows:

> When, in the opinion of the code official, there is imminent danger of failure or collapse of a structure or any part thereof which endangers life, or when any structure or part of a structure has fallen and life is endangered by the occupation of the structure, the code official is hereby authorized and empowered to order and require the occupants to vacate the same forthwith in accordance with the cease operations provisions set forth in the administrative code. The code official shall cause to be posted at each entrance to such structure a notice stating the imminent danger and prohibiting occupancy. It shall be unlawful for any person to enter such structure except for

appeal that the Trial Court abused its discretion in imposing the fine because all Code violations were corrected, no true health or safety concern existed, and the fine amount was excessive in relation to the value of the property at issue. After review, we affirm.

## I. Procedural and Factual Background

The facts underlying this matter are not in dispute. Landowner is the owner of the premises located at 811 South Vogdes Street, Philadelphia, Pennsylvania (the Property). Original Record (O.R.), Item No. 1. Following an inspection of the Property by the Philadelphia (City) Department of Licenses and Inspections (Department), in a notice dated May 5, 2017, Landowner was informed that the Property was in violation of several sections of the Code.[2] O.R., Item No. 1, Ex. B at 1-2. On the basis of these violations, the Department deemed the Property imminently dangerous pursuant to Section PM-110.1 of the Code. *Id.* at 1. The notice directed Landowner obtain the services of an engineer to survey and report on the conditions at the Property, submit a report to the Department, and commence repairs in accordance with any written recommendations of the engineer. *Id.* at 2. Landowner did not challenge the May 5, 2017 notice.

On December 13, 2017, the City filed a civil complaint with the Trial Court alleging Landowner failed to repair the Property as directed in the May 5, 2017 notice. O.R., Item No. 1, ¶ 7. The City further alleged the condition of the Property rendered it imminently dangerous and a serious and immediate hazard to the safety,

---

the purpose of making the required repairs or demolishing the structure.

Phila., Pa., Code § PM-110.1 (July 1, 2015).

[2] The notice specifically alleges unsafe conditions to the flooring, walls, and roofing as described in Section PM-304.1.1(2), (8), and (9) of the Code. Phila., Pa., Code § PM-304.1(2), (8)-(9) (July 1, 2015).

health, and welfare of any occupants and the public in general. *Id.*, ¶ 8. By way of relief, the City sought a permanent injunction directing Landowner repair or demolish the Property. O.R., Item No. 1 at 6. The City further requested imposition of a fine in the amount of $300 per day from the date of the May 5, 2017 notice. *Id.* Landowner denied all allegations in the City's complaint. O.R., Item. No. 7.

Following a hearing on February 27, 2018, the Trial Court issued an order based on the agreement of the parties which directed Landowner to obtain and submit an engineering report and plans detailing the means and methods for accomplishing repairs to the Property. O.R., Item No. 9. Landowner was ordered to commence repairs within 48 hours of the issuance of a building permit. *Id.* The Trial Court noted that the Property's Code violations were subject to a daily fine in accordance with Sections A-601.1, A-601.3, A-601.4, and 1-109 of the Code.[3] *Id.* Failure to comply with the Trial Court's order would result in the imposition of a $50 fine, accruing daily until such time as repairs were made to the Department's satisfaction. *Id.*

Following Landowner's failure to comply with the February 27, 2018 order, and failure to appear at a May 8, 2018 status hearing, the Trial Court ordered the Property vacated. O.R., Item No. 10. The May 8, 2018 order authorized the City's abatement of the imminently dangerous conditions posed by the Property through

---

[3] Section A-601.1 of the Code relevantly provides that any person who violates any provision of the Code shall be subject to a fine of $300 for each offense. Phila., Pa., Code § A-601.1 (May 12, 2005). Each day that a violation continues after issuance of a Code violation notice shall be deemed a separate offense. Phila., Pa., Code § A-601.4 (May 12, 2005). For those violations committed after January 1, 2009 and designated Class III offenses, the fine increases to $2,000 for each violation. Phila., Pa., Code § 1-109(3)(e) (May 12, 2005). A violation related to an imminently dangerous structure so designated under Section PM-110 of the Code is a Class III offense subject to the increased fine set forth in Section 1-109(3)(e) (May 12, 2005). Phila., Pa., Code § A-601.3(14) (May 12, 2005).

3

demolition of the structure thereon. *Id.* Landowner filed a Motion for Reconsideration of the Trial Court's May 8, 2018 order, asserting it complied with the Trial Court's prior order dated February 27, 2018. O.R., Item No. 12. The Trial Court stayed demolition of the Property and scheduled a hearing for May 24, 2018. O.R., Item No. 14.

Following the May 24, 2018 hearing, the Trial Court issued an order imposing a fine of $15,000, payable to the City, and directing Landowner to commence repairs to the Property. O.R., Item No. 15. Failure to comply would result in the imposition of a $300 fine, accruing daily until the completion of repairs to the Property. *Id.* Should Landowner fail to complete repairs as ordered, and the Property remain in an imminently dangerous condition, the City was authorized to demolish the Property. *Id.*

In an order issued following a September 25, 2018 status hearing, the Trial Court noted Landowner's failure to bring the Property into compliance with the Code and failure to remit the $15,000 fine imposed on May 24, 2018. O.R., Item No. 17. The Trial Court directed Landowner to pay the $15,000 fine by October 25, 2018, and schedule and pass all inspections required to bring the Property into compliance with the Code. *Id.* The $300 daily fine remained in effect pending Landowner's compliance with the Trial Court's order. *Id.*

The Trial Court held a final hearing on December 4, 2018. Counsel for the City indicated that Landowner remediated most or all of the violations on the Property. Hearing Transcript, 12/4/18, at 3. Receipt of the final inspection report was pending; however, Landowner failed to remit the $15,000 fine ordered by the Trial Court on May 24, 2018, and reaffirmed in the Trial Court's September 25, 2018 order. *Id.* at 3-4. Counsel for the City requested payment of the initial $15,000 fine

4

and also requested the Trial Court make absolute the conditional fine imposed on May 24, 2018, calculated at a rate of $300 per day for 194 days resulting in a total of $58,200. *Id.* Additionally, counsel for the City requested that Landowner submit the final inspection report within 15 days of the hearing date. *Id.*

Landowner's counsel agreed to submit the final inspection report within 15 days as requested by the City and sought an additional 60 days to remit payment of the initial $15,000 fine. *Id.* at 6. He objected to the imposition of any fine beyond the original $15,000 as excessive, unfair, and unwarranted. *Id.* at 5.

The Trial Court directed Landowner to remit the first $15,000 fine by January 31, 2019. *Id.* In consideration of Landowner's remediation of the Code violations on the Property, the Trial Court reduced the second fine from $58,200 to $15,000 and directed Landowner to remit payment of same by February 28, 2019. *Id.* at 7. Counsel for Landowner reiterated his concerns with the imposition of a second fine, as the Property was vacant and he was unsure of its value. *Id.* The following exchange then took place:

> Trial Court: It was already decided by [the Trial Court]. I could just leave it at $58,200. I thought I was making some concession because you have actively worked on it. I'm not revisiting that. It's either you can go $15,000 February 28, 2019, or we can do $58,200 to be paid -- everything to be paid by the 31st of January. Whichever way you want. I didn't have to consider that.
>
> [Counsel for Landowner]: We will take the former option.

*Id.*

An order memorializing this discussion directed Landowner to remit $15,000 to the City by January 31, 2019. O.R., Item No. 21. The Trial Court vacated the $300 daily fine ordered on May 24, 2018, and imposed an absolute fine of $15,000,

5

payable to the City by February 28, 2019. *Id.* Landowner filed a Motion for Reconsideration with the Trial Court on January 3, 2019, arguing it addressed dangerous conditions on the Property, "albeit in an untimely manner." O.R., Item No. 22, ¶ 13. Landowner asserted that the second fine, in addition to the prior $15,000 fine imposed for the same violations, was excessive in light of the Property's value, which Landowner estimated to be between $63,000 and $88,749. *Id.*, ¶¶ 9, 12, 14. Landowner requested the Trial Court reconsider its December 4, 2018 order and vacate its imposition of a second fine.[4] *Id.*, ¶ 10. Landowner filed its appeal with this Court the same day. O.R., Item No. 23.

## II. Issues

On appeal,[5] Landowner argues the Trial Court erred by imposing a second fine as the Property presented no health or safety concerns and Landowner resolved all outstanding violations related to the Property. Furthermore, Landowner contends that the total amount of fines imposed is excessive as it represents 38-44% of the potential value of the Property. As such, the Trial Court's imposition of a second fine constituted an abuse of discretion.

## III. Analysis

Landowner acknowledges that Section A-601.1 of the Code provides for the imposition of a $300 fine for each violation of the Code and it has not challenged

---

[4] The Trial Court denied Landowner's Motion for Reconsideration on March 15, 2019. O.R., Item No. 29.

[5] Our review is limited to determining whether the Trial Court committed an abuse of discretion or error of law. *Borough of W. Conshohocken v. Soppick*, 164 A.3d 555, 559 n.4 (Pa. Cmwlth. 2017). An abuse of discretion occurs when a court's judgment was manifestly unreasonable or where the law was not applied or where the record shows that the action was the result of partiality, prejudice, bias, or ill will. *Com. v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).

6

the first $15,000 fine as improper or excessive. When the second $15,000 fine is considered, however, Landowner contends that the total amount of fines imposed, $30,000, is excessive as Landowner completed all remediation work required by the City, the violations at issue caused no safety concerns, and the Property's approximate value is between $63,000 and $88,749.[6]

The City responds that Landowner accepted the second $15,000 fine as a compromise of the $58,200 fine that could have been imposed. As a result, Landowner is estopped from challenging the amount of that fine on appeal. In the alternative, the City suggests Landowner's argument with respect to the excessiveness of the fine is too cursory to permit appellate review. The City notes that Landowner's brief cites no case law to support its position and fails to identify how the Trial Court's judgment was manifestly unreasonable. Finally, the City maintains that the fine imposed was reasonable in light of the dangers posed by the Property to human life and neighboring properties.

First, we address the City's waiver argument. Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure pertinently provides that a brief must contain "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Where an appellate brief fails to provide any discussion of the issue with citation to relevant authority, or fails to develop the issue in any meaningful fashion capable of review, that claim is waived. *Wirth v. Com.*, 95 A.3d 822, 837 (Pa. 2014). An appellate court is not obligated to formulate arguments on a party's behalf. *Id.*

---

[6] Landowner cites various websites, such as Zillow.com, as the sources for its estimation of the Property's value. Landowner's Br. at 5. These estimates do not appear in the original record, however, and this Court will not consider them. *Kennedy House, Inc. v. Phila. Comm'n on Human Relations*, 143 A.3d 476, 485 (Pa. Cmwlth. 2016) (this Court cannot consider evidence that was never made a part of the original record).

Presently, the argument section of Landowner's brief consists of three paragraphs. One paragraph simply quotes Section A-601.1 of the Code, which authorizes the imposition of a fine of $300 for violations of the Code's provisions. The remaining two paragraphs simply reiterate Landowner's position that the Trial Court abused its discretion in imposing a second $15,000 fine where Landowner completed all remediation work required by the City, "albeit in an untimely manner," and the total amount of fines imposed is between 38% and 44% of the total value of the Property. Landowner's Br. at 5-6.

The City is correct that Landowner cites no case law to support its argument that the additional $15,000 fine is excessive. Landowner has not suggested the Trial Court lacked authority to impose the fine at issue or argued that the total amount of fines exceeds the maximum permitted under the Code. There is no assertion of bias, partiality, or ill will on the part of the Trial Court toward Landowner. Indeed, Landowner concedes the imposition of a fine is within the discretion of the Trial Court and it admits repairs to the Property were completed in an untimely manner.

Landowner's brief simply asserts, without more, that the total fines imposed are improper and excessive in relation to the value of the Property. As Landowner has utterly failed to support this contention with citation to relevant legal authority and has otherwise failed to meaningfully develop this, or any other, argument, we are constrained to agree with the City that Landowner's arguments are waived.

Even if this Court deemed the City's waiver argument unpersuasive, we find no abuse of discretion in the Trial Court's imposition of fines totaling $30,000, given Landowner's multiple failures to comply with the Department's notice and the Trial Court's orders directing remediation of Code violations at the Property, and in light of the fines allowable under the Code.

8

Landowner does not dispute it received the Department's May 5, 2017 notice and failed to comply with the directives therein, or that it failed to act on the Trial Court's orders issued on February 27, 2018, May 24, 2018, and September 25, 2018. Landowner's final inspection report was ultimately filed on December 12, 2018, **586 days after the Department declared the Property imminently dangerous** pursuant to Section PM-110.1 of the Code. The City only requested a second fine in the amount of $58,200, based on a rate of $300 per day from the 194-day period of May 24, 2018 through December 4, 2018. In consideration of the work undertaken by Landowner to remediate the Code violations, the Trial Court reduced this amount to $15,000, less than one-third the amount requested by the City.

Section A-601.1 of the Code permits imposition of a $300 fine for each offense. Structures deemed imminently dangerous under Section PM-110.1 of the Code, however, are considered Class III offenses subject to the maximum fine of $2,000 per day set forth in Section 1-109(3)(e) of the Code.[7] Furthermore, while the City only requested a fine based on the period of May 24, 2018, through December 4, 2018, Section A-601.4 permits the imposition of a $300 fine for **"[e]ach day that a violation continues after issuance of a notice**[.]" Phila., Pa., Code § A-601.4 (May 12, 2005) (emphasis added).

As already iterated herein, Landowner has not disputed that the Department's notice informing Landowner of the Code violations issued on May 5, 2017. Applying the fine structure set forth in Section A-601.1 of the Code to Landowner's entire 586-day period of noncompliance results in a permissible fine of $175,800.

---

[7] Phila.Pa. Code § 1-109(3)(e) (May 12, 2005).

9

Imposing the maximum fine set forth in Section 1-109(3)(e), increases this amount to $1,172,000.[8]

All told, the total amount of fines imposed by the Trial Court represents a penalty of $300 per day for a mere fraction of the days Landowner was admittedly out of compliance with the requirements of the Code. In light of the fine that might have been imposed, and the Trial Court's consideration of Landowner's remediation of the Code violations, we discern no abuse of discretion on the part of the Trial Court in imposing a second $15,000 fine.

For these reasons, we affirm the Trial Court.

_____
ELLEN CEISLER, Judge

---

[8] We will not address whether such a fine would violate the prohibition against excessive fines under the United States and Pennsylvania Constitutions, as that issue is not before us.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 50 C.D. 2019 |
| | : | |
| Philly Acquisitions, LLC, | : | |
| Appellant | : | |

# **O R D E R**


AND NOW, this 12th day of December, 2019, the December 4, 2018 order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.


_____
ELLEN CEISLER, Judge